```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA      :
                              :   CRIMINAL ACTION
    v.                        :   NO. 05-69
                              :
BONTHAN EIRNG                 :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                          OCTOBER 23, 2008

      Bonthan Eirng ("Petitioner") is serving a 240-month term of imprisonment for offenses involving the possession and distribution of crack cocaine.  He now seeks the reduction of his sentence to reflect Amendment 706 to the United States Sentencing Commission Guidelines (the "Guidelines"), which altered § 2D1.1 of the Guidelines to reduce the sentencing ranges applicable to crack cocaine offenses.  Because Petitioner was sentenced as a career offender with a Guidelines range that is unaffected by Amendment 706, his motion will be denied.

I.    BACKGROUND

    A.    <u>Petitioner's Sentence</u>

      On October 4, 2005, Petitioner was sentenced for possession with intent to distribute more than 50 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A).  The base offense level under the Guidelines for the crack offense was

-1-

34, his adjusted offense level was 31, his criminal history category was II, and his resulting Guidelines range was 121 to 151 months.  However, pursuant to § 841(b)(1)(A), Petitioner was subject to a mandatory minimum sentence of 20 years because he was previously convicted of a felony controlled substance violation under 35 Pa. C.S.A. § 780-113(30) in Pennsylvania for possession with intent to deliver crack cocaine.  Petitioner received the statutory mandatory minimum sentence of 240 months, to be followed by 10 years of supervised release.

    B.    Changes to the Sentencing Guidelines

On November 1, 2007, the United States Sentencing Commission (the "Commission") adopted Amendment 706 to the Guidelines to address what the Commission had come to view as unwarranted disparities in the sentences of defendants who possess or distribute various forms of cocaine.  Prior to November 1, 2007, the Guidelines provided for a 100-to-1 ratio in sentences for crimes involving cocaine powder compared to those involving crack cocaine.[1]  For example, § 2D1.1 of the Guidelines provided the same base offense level for a crime involving 150

---

[1] This ratio was derived from the 100-to-1 ratio created by Congress in its statutory mandate of minimum sentences for cocaine offenses.  See Anti-Drug Abuse Act of 1986, 21 U.S.C. § 841(b)(1) (requiring a five-year mandatory minimum penalty for a first-time trafficking offense involving 5 grams or more of crack cocaine, or 500 grams of powder cocaine).

kilograms or more of cocaine powder and for one involving 1.5 or more kilograms of crack cocaine.  U.S.S.G. § 2D1.1(c)(1) (2006).

Under the November 1, 2007 amendment, the ratio between powder and crack sentences has been decreased.  For example, 150 kilograms of cocaine powder is now treated as the equivalent of 4.5 kilograms of crack.  U.S.S.G. § 2D1.1(c)(1) (2007).  The bottom line for individual defendants is that a defendant sentenced under § 2D1.1 for a crack offense after November 1, 2007 receives a base offense level that is two levels lower than what he would have received for the identical offense if he had been sentenced before the November 1, 2007 amendment.  2 Federal Sentencing Guidelines Manual app. C 1160 ("Appendix C").

The Commission also altered the calculation of base offense levels for offenses involving crack cocaine and other controlled substances to reduce the impact of a crack cocaine conviction.  Id. at 1158-59.  The base offense level for these offenses is determined by converting the amount of each substance into a comparable amount of marijuana and then determining the base offense level for that amount of marijuana.  U.S.S.G. § 2D1.1, comment 10(A)-(E).  Amendment 706 provides that a given amount of crack cocaine translates into a lesser quantity of marijuana than it did under the old Guidelines.  Appendix C at 1158; compare U.S.S.G. § 2D1.1 (2007), with U.S.S.G. § 2D1.1 (2006).  Thus, post-amendment Guidelines ranges for crimes

involving cocaine base and other controlled substances are also lower than ranges for the same crimes pre-amendment.

The Commission based Amendment 706 on "its analysis of key sentencing data about cocaine offenses and offenders; [a] review[] [of] recent scientific literature regarding cocaine use, effects, dependency, prenatal effects, and prevalence; research[] [on] trends in cocaine trafficking patterns, price, and use; [a] survey[] [of] the state laws regarding cocaine penalties; and [the Commission's] monitor[ing] [of] case law developments." Appendix C at 1159-60.  This information led to the conclusion that "the 100-to-1 drug quantity ratio significantly undermines various congressional objectives set forth in the Sentencing Reform Act and elsewhere."  Id. at 1160.  The Commission "predicts that, assuming no change in the existing statutory mandatory minimum penalties, this modification to the Drug Quantity Table will affect 69.7 percent of crack cocaine offenses sentenced under § 2D1.1 and will result in a reduction in the estimated average sentence of all crack cocaine offenses from 121 months to 106 months . . . ."  Id. at 1160-61.

II.  MOTION FOR RESENTENCING

Petitioner moves, pursuant to 18 U.S.C. § 3582, for a reduction of his sentence because of recent changes to the Guidelines in the treatment of offenses involving crack cocaine.

A.  Section 3582 and the Inapplicability of the Statutory Mandatory Minimum Sentence under § 841(b)(1)(A)

Petitioner's motion must be denied because the Court lacks the authority under § 3582 to reduce Petitioner's sentence. Section 3582(c)(2) provides the authority to reduce a sentence only if "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the applicable policy statement, § 1B.10(a), provides that if "the guideline range applicable to th[e] defendant has . . . been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2)." U.S.S.G. § 1B.10(a).

Thus, "a reduction under § 3582(c)(2) is not authorized unless an amendment reducing the applicable guidelines range is among those listed in § 1B.10(c) [of the Guidelines]." United States v. Wise, 515 F.3d 207, 221 (3d Cir. 2008); see, e.g., United States v. Sharkley, – F.3d –, 2008 WL 4482893, at *2 (10th Cir. Oct. 7, 2008) (refusing to reduce sentence for crack cocaine violation when amendment did not apply to the defendant's situation); United States v. McFadden, 523 F.3d 839, 840-41 (8th Cir. 2008) (same); United States v. Peter, 524 F.3d 905, 906-07 (8th Cir. 2008) (holding reduction in sentence for a crack cocaine violation was inappropriate when the defendant was sentenced to the statutory mandatory minimum); United States v.

-5-

Jones, 523 F.3d 881, 882 (8th Cir. 2008) (same); United States v. McGuire, 524 F.3d 891, 892 (8th Cir. 2008) (same); United States v. Hanlin, 48 F.3d 121, 125 (3d Cir. 1995) (upholding sentence when the defendant was sentenced to the statutory mandatory minimum).

Here, Petitioner is not eligible for a reduction under Amendment 706 because he was sentenced to the statutory mandatory minimum under § 841(b)(1)(A).  As a result, Amendment 706 does not affect Petitioner's sentence; Petitioner was and still would be subject to a twenty year mandatory minimum sentence regardless of the revisions to § 2D1.1.

B.   Booker and Kimbrough Do Not Provide the Authority to Resentence Petitioner

Petitioner also argues that § 1B1.10 renders § 2D1.1 "effectively mandatory," in contravention of the Supreme Court holdings in United States v. Booker and Kimbrough v. United States.  See Booker, 543 U.S. 220 (2005) (holding Guidelines are advisory); Kimbrough, 128 S. Ct. 558 (2007) (permitting district courts to take unwarranted sentencing disparities into consideration).  Specifically, Petitioner suggests that the "Court [should] go beyond [Amendments 706 and 711] by reducing his sentence proportionately with that of powder cocaine." Pet'r's Reply 1-2 (doc. no. 62).  This argument does not carry the day.

The Court recognizes that the Guidelines are advisory and unwarranted sentencing disparities can be considered as part of the sentencing equation.  However, Congress's directive that sentences are final unless reduction would be consistent with the Guidelines policy statements is controlling.  The Court may not, under § 3582, reduce Petitioner's sentence when the applicable Guideline range has not been addressed by Amendment 706.  See, e.g., Carrington v. United States, 503 F.3d 888, 890-91 (9th Cir. 2007) (finding Booker is not pari passu with an amendment to the Guidelines sufficient to provide a basis for reducing a defendant's sentence under § 3582(c)(2)); United States v. Carter, 500 F.3d 486, 490-91 (6th Cir. 2007) (same); McMillan v. United States, 257 F. App'x 477, 479 (3d Cir. 2007) (not precedential) (same); Cortorreal v. United States, 486 F.3d 742, 744 (2d Cir. 2007) (holding Booker cannot be the basis for a reduction of sentence under § 3582(c)(2)).

III. CONCLUSION

For the reasons set forth above, the motion for a reduction in sentence will be denied.  An appropriate order follows.

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA       :
                               :    CRIMINAL ACTION
    v.                         :    NO. 05-69
                               :
BONTHAN EIRNG                  :
```

**O R D E R**

**AND NOW,** this **23 day of October 2008,** it is hereby **ORDERED** that, for the reasons set forth in the accompanying memorandum, the motion for reduction of sentence pursuant to 18 U.S.C. § 3582c(2) (doc. no. 55) is hereby **DENIED.**

    **AND IT IS SO ORDERED.**

                                           S/Eduardo C. Robreno
                                        **EDUARDO C. ROBRENO, J.**